### 20175.  VINING *v.* THE STATE.

DECIDED APRIL 15, 1930.  REHEARING DENIED MAY 13, 1930.

R. C. Jenkins, E. R. Lambert, for plaintiff in error.
Joseph B. Duke, solicitor-general, contra.

BROYLES, C. J. The defendant was convicted of the offense of manufacturing intoxicating liquors, and his motion for a new trial contained the usual general grounds only. Upon the trial he introduced no witnesses, but made a statement in which he denied his guilt, but admitted "toting one turn" of wood to the distillery. The undisputed evidence for the State showed that the defendant and another man were together at the distillery; that the defendant brought two "turns" of wood and threw them down near the distillery, and ordered the other person "to hurry up and fill up that tank," and that the person addressed thereupon dipped water out of a ditch and poured it into the tank; that when the officers showed themselves, the defendant ran and escaped; that there were about 120 gallons of beer at the distillery and that the beer was fermented *and intoxicating*. The evidence amply authorized, if it did not demand, the verdict; and the jury had the right to reject the statement of the defendant, in which he denied his guilt and sought to explain his presence at the distillery and his "toting" wood thereto. The court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. The indictment in this case charges that Dock Vining "did unlawfully distill, manufacture, and make alcoholic, spirituous, vinous, malted, and mixed liquors and beverages, a part of which is alcoholic." The jury found the defendant "guilty of manufacturing intoxicating liquor." The defendant excepts to the court's judgment overruling his motion for a new trial, based upon the usual general grounds.

On the afternoon of June 2, 1928, at "the end of a little drain" on Judge Wingfield's place, in Putnam county, prohibition officer Tuggle and G. T. Wall saw the defendant and another negro named Coleman Hurt at what appeared to be a still site. Coleman was pouring water from the branch in the tank. There were three barrels of beer at the still site. Tuggle and Wall had made three previous trips to the place, but had never found anybody there, and had never found "the thing fired up" on any of these visits. When the defendant saw the officer he ran away.

Tuggle testified in part as follows: "I think it was an old gasoline tank or barrel. . . There were no pipes there, nor any worm. You could not manufacture liquor with it like that. There

was no fire there. I couldn't say how long it had been since there had been a fire there. It looked like it had been operated about once a week. In my search around where the thing was found I did not locate any pipes at all. I never located a worm nor any liquor. All I found there was an old still or iron drum. There was no furnace. . . There was a hole dug in the ground, and this old tank lay on top of that." Referring to the defendant, the witness swore: "He had a turn of lightwood. He threw it down. That is all I saw him do. That is everything that he did."

The witness Tuggle did not taste the beer, but was willing to swear that it had fermented. He did not know that it was alcoholic. G. T. Wall, who was with Tuggle, testified substantially as did Tuggle, except that he swore that he had tasted the beer and that it was fermented and alcoholic. Tuggle did not recall hearing any conversation between the two negroes. Wall, who was lying beside Tuggle, swore as follows: "The only words I understood Doc Vining to say to Coleman were to hurry up and fill up the tank."

The following is the substance of the defendant's statement: "I don't know anything about it. I happened going across my field. . . Coleman Hurt told me to bring him a turn of lightwood, and he would give me a drink. I didn't know anything was down there at all. He said he would give me a drink; didn't say whether he was going to make a drink or what; said he would get his other tricks, and I thought he already had it." I "toted one turn" of wood.

In my opinion, the evidence does not sustain the verdict, and the court erred in overruling the motion for a new trial.